IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TONY L. CONNER, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| VS. | : | NO. 4:23-cv-200-CDL-MSH |
| | : | |
| Commander LARRY MITCHELL, | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER**

Tony L. Conner, an inmate in the Muscogee County Jail in Columbus, Georgia, filed a 42 U.S.C. § 1983 action listing himself and three other Muscogee County Jail inmates as Plaintiffs. ECF No. 1 at 1. Plaintiff also moved to proceed *in forma pauperis*. ECF No. 2. He did not, however, file a certified copy of his trust fund account, or a certified copy of any other Plaintiffs' trust fund account.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for paying this Court's filing fee. 28 U.S.C. § 1915(b). The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and approving its finding "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the

Eleventh Circuit in *Hubbard* noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98. Plaintiffs are therefore not permitted to proceed *in forma pauperis* in this action. As it does not appear Plaintiffs' claims would be barred by the applicable statute of limitations if they are required to refile their claims, the Complaint is **DISMISSED without prejudice**.

Each Plaintiff may file a separate complaint, in which he asserts only claims personal to him, if he so chooses.[1] Each Plaintiff should also either pay the filing fee or submit a proper motion to proceed *in forma pauperis*. Any motion to proceed *in forma pauperis* must include (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). The Clerk is **DIRECTED** to mail all Plaintiffs copies of the appropriate forms for this purpose at their last known address. According to Tony L. Conner, he is

---

[1]The Court also notes that to the extent either Plaintiff seeks to bring his claims as a class action on behalf of his fellow inmates, a *pro se* Plaintiff may not represent the interests of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents either *pro se* Plaintiff in this case from seeking relief on behalf of the other Plaintiff in this action. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).

currently incarcerated at the Muscogee County Jail.  ECF No. 1 at 3.  He, however, has provided the Court with a different mailing address.  ECF No. 1 at 4.  The Clerk should forward the forms to Conner at the address he has provided.  As for the rest of the Plaintiffs, their last known address is the Muscogee County Jail.  A copy of this Order and the necessary forms should be mailed to them at the Muscogee County Jail.

**SO ORDERED and DIRECTED**, this 18th day of December, 2023.

                         S/Clay D. Land
                         CLAY D. LAND
                         U.S. DISTRICT COURT JUDGE
                         MIDDLE DISTRICT OF GEORGIA